Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2887 | **DATE** | 5/10/2011 |
| **CASE TITLE** | McGip, LLC vs. Does 1-14 | | |

**DOCKET ENTRY TEXT**

Plaintiff's ex parte motion for leave to take discovery prior to the Rule 26(f) conference [5] is granted in part and denied in part. A status hearing is set for 6/15/11 at 10:00 a.m. No court appearance is required on 5/11/11.

■[ For further details see text below.]     Docketing to mail notices.

## STATEMENT

According to the complaint, plaintiff is the exclusive licensee of the relevant reproduction and distribution rights of an adult video, "Erin O'Bryn." Plaintiff alleges that fourteen John Doe defendants illegally reproduced and distributed this video through a peer-to-peer file sharing protocol called BitTorrent. Although plaintiff does not know defendants' names, it has identified their internet protocol ("IP") addresses as of the dates and times of the alleged infringing activity. Plaintiff has also identified the six Internet Service Providers ("ISPs") to which those IP addresses belong.

Plaintiff has filed an *ex parte* motion for leave to issue subpoenas pursuant to Federal Rule of Civil Procedure 45, to the ISPs identified in Exhibit A to the complaint, as well as to "any other entity identified as a provider of Internet services to one of the Doe Defendants in response to a subpoena or as a result of ongoing BitTorrent activity monitoring." Plaintiff proposes to limit these subpoenas to information sufficient to identify the defendants, including names, current (and permanent) addresses, telephone numbers, e-mail addresses, and Media Access Control addresses.

Plaintiff argues that this immediate, limited discovery is appropriate because ISPs typically erase files relating to their subscribers' activities after a limited period of time, and because plaintiff will not be able to identify defendants without this discovery. Plaintiffs contend that it is necessary to expand their request beyond the six ISPs to which the defendants' IP addresses belong because some ISPs lease IP addresses to unrelated, intermediary ISPs, and in such cases only the lessee ISPs would be able to identify the defendants.

The Court grants plaintiff's motion as to the six ISPs identified in Exhibit A to the complaint. The motion is denied as to other entities, without prejudice to plaintiff's ability to file a motion for discovery that specifically identifies these entities and their relationship to defendants.

## STATEMENT

Accordingly, it is ordered that:

1. Plaintiff may immediately serve Rule 45 subpoenas on the ISPs identified in Exhibit A attached to the complaint, limited to seeking information sufficient to identify each defendant, including name, current (and permanent) address, telephone number, e-mail address, and Media Access Control address. In addition, if an ISP identified in Exhibit A leased or otherwise allocated any of defendants' IP addresses identified in Exhibit A to another ISP, the subpoena may seek information identifying any such intermediary entity.

2. Any information disclosed to plaintiff in response to a Rule 45 subpoena may be used by plaintiff solely for the purpose of protecting plaintiff's rights as set forth in the complaint.

3. Plaintiff shall serve a copy of this order along with any subpoenas issued pursuant to this order.

4. Plaintiff and any entity that receives a subpoena shall confer, if necessary, with respect to the issue of the cost of production of the information or the entity's internal costs to notify its customers. Any entity which receives a subpoena and elects to charge for the costs of production shall provide to plaintiff a billing summary and any cost reports that serve as a basis for such billing summary and any costs claimed by such entity.

5. Any motions to quash the subpoena shall be filed before the return date of the subpoena, which shall be 30 days from the date of service.

6. The subpoenaed entities shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

*[Signature: George W. Lindberg]*