# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2887 | **DATE** | 7/26/2011 |
| **CASE TITLE** | MCGIP, LLC vs. Does 1-14 | | |

**DOCKET ENTRY TEXT**

John Doe #1's motion to quash or vacate subpoena [11] is denied. John Doe #2's motion to quash subpoena served upon Comcast Cable and to adopt motion of John Doe #1 to quash [14] is granted in part and denied in part. The motion to adopt John Doe #1's motion to quash is granted; the motion to quash subpoena served upon Comcast Cable is denied. The status hearing set for 8/31/11 is reset to 9/14/11 at 10:00 a.m. No court appearance is required on 8/17/11 or 8/31/11.

■[ For further details see text below.]     Docketing to mail notices.

## STATEMENT

On April 29, 2011, plaintiff MCGIP, LLC filed its copyright infringement complaint against fourteen unnamed individuals, whom plaintiff claims illegally reproduced and distributed a video licensed to plaintiff, through the BitTorrent file sharing protocol. Plaintiff does not know the names of these individuals, and identifies them by their Internet Protocol ("IP") addresses as of the dates and times of the alleged infringing activity. On May 10, 2011, this Court granted plaintiff leave to issue subpoenas to the six Internet Service Providers ("ISPs") to which the IP addresses belong, seeking "information sufficient to identify each defendant, including name, current (and permanent) address, telephone number, e-mail address, and Media Access Control address."

Two individuals have moved to quash or vacate subpoenas issued by plaintiff to their ISPs pursuant to the May 10, 2011 order. The first motion, filed on June 17, 2011, was filed by an individual who identifies himself only as "Possible Doe," with the e-mail address "johndoe02887@lavabit.com" (and is referred to in the docket as "John Doe #1"). The second motion, filed on June 27, 2011, was filed by an individual who identifies himself as "John Doe #2," and is associated with IP address 67.186.97.244.

Federal Rule of Civil Procedure 45 requires a court to quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden," or on other grounds that do not appear to be relevant here. *See* Fed. R. Civ. P. 45(c)(3)(A)(iii) & (iv). The Does do not argue that the subpoenas require the disclosure of privileged matters. Nor do they show that the subpoenas would subject them to undue burden. Indeed, given that the subpoenas were issued to the Does' ISPs, rather than to the Does themselves, any potential burden would be shouldered by the ISPs. *See MCGIP v. Does 1-316*, No. 10 C 6677, 2011 WL 2292958, at *1 (N.D. Ill. June 9, 2011).

**STATEMENT**

Instead the Does argue that this Court may lack personal jurisdiction over them, that venue may be improper, that the defendants have been improperly joined in this action, and that the complaint does not adequately allege copyright infringement or connect them to the allegedly infringing activity. These arguments are premature. *See MCGIP v. Does 1-316*, 2011 WL 2292958, at *2; *MCGIP v. Does 1-18*, No. C-11-1495 EMC, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011); *Donkeyball Movie, LLC v. Does 1-171*, No. 10-1520, 2011 WL 1807452, at *2, 8-9 (D.D.C. May 12, 2011). The Does may raise these issues when plaintiff has named them as defendants, if that action occurs.

The Does also argue that the subpoenas should be quashed because they were issued in bad faith, for the purpose of harassment. On motion of a "party or any person from whom discovery is sought," a court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by forbidding the disclosure that is sought. Fed. R. Civ. P. 26(c)(1). Here, the Does have offered no support for their claim that plaintiff seeks their identifying information for the purpose of harassment, and therefore have failed to show good cause.

In addition to adopting John Doe #1's arguments, John Doe #2 argues that by monitoring his electronic communications on the Internet, plaintiff violated Doe #2's constitutional right to privacy. Doe #2 argues that plaintiff accordingly comes before the Court with unclean hands and should not be permitted to enforce the subpoena.

This Court agrees with the courts that have held that even the limited First Amendment privacy interest held by individuals who legally share electronic files is outweighed by the plaintiff's need for discovery of alleged copyright infringers' identities. *See, e.g.*, *MCGIP v. Does 1-316*, 2011 WL 2292958, at *1-2; *Donkeyball Movie, LLC*, 2011 WL 1807452, at *3; *see also MCGIP, LLC v. Does 1-18*, 2011 WL 2181620, at *1 ("while the Court is not unsympathetic to Doe's privacy argument, it is difficult to say that Doe had a strong expectation of privacy because he or she either opened his or her computer to others through file sharing or allowed another person to do so"). Moreover, there is no First Amendment protection at all for copyright infringement. *See Arista Records LLC v. Doe 3*, 604 F.3d 110, 118 (2d Cir. 2010).

Finally, Doe #2 argues that plaintiff also comes before the Court with unclean hands because plaintiff violated his right to privacy under 18 U.S.C. § 2510, *et seq*. The Electronic Communications Privacy Act ("ECPA") prohibits the intentional interception of a wire, oral, or electronic communication. *See* 18 U.S.C. § 2511(1). The ECPA makes an exception, however, for interceptions of electronic communications "made through an electronic communication system that is configured so that such electronic communication is readily accessible to the general public." *Id.* § 2511(2)(g)(i). Doe #2 does not elaborate on his claim that plaintiff violated the ECPA.

Based on the allegations in the complaint, it appears that defendants' alleged file-sharing activities were readily accessible to the public. The complaint alleges that defendants used the BitTorrent protocol to exchange pieces of plaintiff's copyrighted video file among one another to obtain a complete copy of the video. The complaint describes BitTorrent as follows:

> [T]he BitTorrent protocol allows individual users to distribute data among themselves by exchanging pieces of the file with each other to eventually obtain a whole copy of the file. When using the BitTorrent protocol, every user simultaneously receives information from and transfers information to one another.
>
> . . . .
>
> The BitTorrent protocol operates as follows. First, a user locates a small "torrent" file. This file contains information about the files to be shared and about the tracker, the computer

**STATEMENT**

that coordinates the file distribution. Second, the user loads the torrent file into a BitTorrent client [a computer program], which automatically attempts to connect to the tracker listed in the torrent file. Third, the tracker responds with a list of peers [individual downloaders] and the BitTorrent client connects to those peers to begin downloading data from and distributing data to the other peers in the swarm [the group of peers involved in downloading the file]. When the download is complete, the BitTorrent client continues distributing data to other peers in the swarm until the user manually disconnects from the swarm or the BitTorrent client otherwise does the same.

As alleged in the complaint, it appears that such file sharing is readily accessible to the general public, and accordingly is not protected under the ECPA.

*George W. Lindberg*